IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CV-449-FL

| | |
|---|---|
| BIOGAIA AB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| NATURE'S WAY PRODUCTS, INC., ) | |
| ) | |
| Defendant. ) | |

This matter comes before the court on defendant's motion to stay the action pending reexamination of United States Patent Nos. 5,439,678 and 5,849,289 (DE # 20) and motion to continue discovery deadlines pending the court's resolution of the motion to stay (DE # 23). Plaintiff responded in opposition to both motions. In this posture, the issues raised are ripe for review. For the following reasons, defendant's motion to stay is granted and the motion to continue the discovery deadlines is denied as moot.

## STATEMENT OF THE CASE

Plaintiff filed complaint on October 20, 2010, alleging patent infringement and associated unfair competition involving probiotic dietary supplements. Specifically, plaintiff alleged patent infringement of United States Patent Nos. 5,439,678 and 5,849,289, unfair competition,[1] false patent marketing, and unfair and deceptive acts in North Carolina commerce. On April 12, 2011, the parties filed a joint report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and on

---

[1] Plaintiff's unfair competition claims alleges that defendant falsely advertises that its products contain patented products.

May 23, 2011, the court entered a case management order ("CMO"). In the parties' joint report, they alerted the court of the pending requests for reexamination filed by defendant with the United States Patent and Trademark Office ("PTO"). The joint report stated that in the event the PTO granted reexamination, defendant would move for a stay of the litigation and plaintiff would oppose the same.

## DISCUSSION

Consistent with what was foreshadowed in the joint report, the PTO granted reexamination of the patents, defendant has moved for a stay, and plaintiff opposes it. Defendant argues that a stay will streamline nearly every aspect of this litigation. Defendant notes that this litigation is still in an early stage and a stay could promote efficiencies through increasing the chances of settlement, decreasing the number of issues for the court to decide, or better defining the issues. Defendant contends a stay will not prejudice either party. Plaintiff strongly opposes the stay, arguing that the patents in suit only have a short remaining life span, the delays that will result from the reexamination process will be substantial, and these delays will harm plaintiff and the public.[2]

"The determination of whether to grant a stay pending the outcome of the PTO's reexamination is soundly within the court's discretion." Cellectis S.A. v. Precision Biosciences, Inc., 2010 WL 3430854 at *2 (E.D.N.C. 2010); citing Cornerstone BioPharma, Inc. v. Vision Pharma, LLC, No. 5:07-CV-00389-F, 2008 U.S. Dist. LEXIS 76374, at *3 (E.D.N.C. Feb. 15, 2008). Courts consider the following factors to aide in their determinations of whether to grant a stay: "(1) the stage

---

[2] Plaintiff also contends that because defendant elected to bring an *ex parte* reexamination proceeding instead of an *inter partes* one, a stay during reexamination proceedings is not warranted. While 35 U.S.C. § 318 does provide a presumptive stay for *inter partes* reexamination proceedings, plaintiff cites no authority, nor is the court aware of any, to support the argument that simply because the reexamination is *ex parte*, a stay is unavailable.

of the litigation, including whether discovery is or will be almost completed and whether the matter has been scheduled for trial; (2) whether a stay will unduly prejudice or tactically disadvantage the nonmoving party; and, (3) whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court." Id. "There is a liberal policy in favor of granting motions to stay proceedings pending the outcome of PTO reexamination or reissuance proceedings." Id.

As this court has recognized, there are benefits to staying litigation pending a reexamination proceeding if the above factors support a stay:

> 1) all prior art presented to the Court will have been first considered by the PTO with its particular expertise; 2) many discovery problems relating to the prior art can be alleviated by the PTO examination; 3) in those cases resulting in effective invalidity of the patent, the suit will likely be dismissed; 4) the outcome of the reexamination may encourage a settlement without the further use of the Court; 5) the record of reexamination would likely be entered at trial, thereby reducing the complexity and length of the litigation; 6) issues, defenses and evidence will be effectively limited in pre-trial conferences after a reexamination; and 7) the cost of litigation will likely be reduced.

Id. (citations omitted).

In the present case, the factors weigh heavily in favor of staying the proceedings. First, as defendant points out, this case is in an early stage of litigation. Plaintiff brought suit less than a year ago, and the parties did not file their joint report with the court until April of 2011, after requesting an extension of time to file the same. In Cellectis, despite the fact that discovery was nearly complete and litigation had been going on for over two years, the court found a stay was appropriate given the potential savings of additional resources yet to be expended. Cellectis, 2010 WL 3430854 at *3. The present case is in a much earlier stage of the proceedings and much less has been accomplished. Cf. Mike's Train House, Inc. v. Broadway Ltd. Imports, LLC, 2011 WL 836673, at

3

*2 (D. Md.,2011) (declining to grant a stay when litigation had been going on for more than 16 months, the parties had engaged in extensive motions practice, discovery was well underway, the parties had filed their joint claim construction statement and their claim construction briefs, and a Markman hearing was scheduled to take place in less than a month). The fact that discovery has just begun makes a stay particularly attractive, as the parties can conserve resources while awaiting the determination of the PTO, resources that otherwise would be spent on what is likely to be a lengthy and costly discovery.

The second factor for the court to consider is whether a stay would unduly prejudice or tactically disadvantage a party. Plaintiff contends that PTO delays associated with reexamination are substantial, and that delay will substantially harm it. This harm could come in the form of erosion of plaintiff's relationship with its distributors and harm to plaintiff's reputation and market share. Plaintiff contends that the harms of defendant's allegedly unlawful conduct have already created concerns among plaintiff's distributors and plaintiff's client base, and the court recognizes that substantial and long-lasting damage can occur to a patentee's position in the marketplace when an infringer lures existing and new customers away, and causes others to infringe. See Cellectis, 2010 WL 3430854 at *4.

When confronted with similar arguments, the court in Cellectis acknowledged that concerns such as the ones plaintiff raises are significant. However, the court noted that while it was uncertain whether the PTO's decision would be resolved prior to the expiration of the patents, and it was highly unlikely that any appeal of the PTO decision would be resolved prior to expiration, it was certain that the life of the patents would significantly diminished before plaintiff could receive a judgment and injunctive relief in court. Id. at *4. The present case involves a similar situation.

4

Case 5:10-cv-00449-FL   Document 30   Filed 08/18/11   Page 4 of 7

The press of the court's current docket combined with the numerous and time-consuming discovery processes that have yet to take place pursuant to the CMO reveal that this litigation will be lengthy. What the court must consider are the potential efficiencies that could accrue from a stay of the litigation. Instead of expending significant resources on litigation and discovery at this time, particularly with regard to claims and issues that very likely will be affected by the decision of the PTO, a stay offers the potential of simplifying the issues and giving both parties a more accurate idea of how to best direct their energies. The court is mindful of plaintiff's concerns for its own business and concerns for the public resulting from the alleged patent infringement, however, these concerns, taken as a whole, do not outweigh the factors weighing in favor of a stay.

Additionally, "delay is inherent in the reexamination process" and does not constitute, by itself, undue prejudice. Cellectis, 2010 WL 3430854 at *4 (citation omitted). Plaintiff's contention that because the patents at issue will expire approximately one year from now, a stay inappropriate, is unconvincing. A similar situation arose in Cellectis; in that case, the patents at issue were set to expire less than two years from the date of the stay. Id. The court pointed out that resolution of the PTO reexamination and appeal would most likely happen after expiration of the patents, but in the same vein, completion of the litigation involving the patents and other claims would certainly not be complete before expiration. As noted previous, a similar situation exists in the present case. Considering the early stage of the litigation, notably the fact that this case is not at all ready for trial, the litigation will not be complete by the expiration of the patents, and the inevitability of the expiration does not alter the court's findings that a stay is appropriate.

Lastly, the court must consider whether a stay will simplify the issues in question and streamline the trial, thereby reducing the burden of litigation on the parties and on the court. The

5

Case 5:10-cv-00449-FL   Document 30   Filed 08/18/11   Page 5 of 7

court finds that a stay would accomplish all of these things. First, plaintiff's nonpatent claims will be affected by the reexamination and thus going forward on those claims is impractical. Plaintiff contends that its nonpatent claims of unfair competition and unfair and deceptive trade practices are not so inextricably related to the patent infringement claims to be affected by the reexamination. The court disagrees. For example, plaintiff's unfair competition claim is based upon the argument that defendant falsely advertised that its products contain patented products, which patented products are the subject of the reexamination. Regardless of the outcome of the PTO reexamination, the PTO's findings will undoubtedly be relevant for the court to consider when deciding the remaining claims and the issues underlying them. See Juxtacomm-Texas Software, LLC v. Lanier Parking Sys. of Virginia, Inc., 2011 WL 3322554 at *2 (E.D. Va. 2011). While whether or not the patents are valid might not be a determinative issue on the remaining claims, it will be an issue that would affect their scope and validity.[3]

Plaintiff contends that a substantial part of its outstanding discovery requests relate to the nonpatent claims, yet it is difficult to see how the nonpatent claims would not be affected by the PTO's reexamination, how discovery on those claims before the PTO's determination would be productive, or how attempting to litigate the non-patent infringement claims before the PTO reexamination would not be like "trying to hit a moving target." NTP, Inc. v. T-Mobile USA, Inc., 2007 WL 3254796 at *2 (E.D. Va. 2007). The decision of the PTO will clarify issues common to

---

[3] Much of plaintiff's brief in opposition is essentially a substantive argument on the validity of its patents and an assertion that defendant is unlikely to succeed in the reexamination. The court declines to address these issues at this time. The very purpose of the PTO reexamination is to determine the validity of the patents, and any argument on validity made without the benefit of the reexamination is premature.

6

all claims, most likely simplifying resolution of them. Accordingly, this factor also suggests that a stay is appropriate.

## CONCLUSION

For the reasons stated, defendant's motion to stay the action (DE # 20) is GRANTED. As such, defendant's motion to continue discovery deadlines pending the court's resolution of the motion to stay (DE # 23) is DENIED AS MOOT. This matter is STAYED until resolution of the reexamination proceedings in the PTO herein referenced. The parties are DIRECTED to inform the court within twenty-one (21) days of the PTO determination regarding the status of the litigation, and if litigation proceeds, in the same filing to submit a joint report with a proposed case schedule.

SO ORDERED, this the 17th day of August, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

7

Case 5:10-cv-00449-FL Document 30 Filed 08/18/11 Page 7 of 7